Opinion
MARGOLIS, P. J.
Defendant Robert Albert Norkon (appellant) appeals from convictions of driving under the influence of alcohol, driving when his license was suspended or revoked, and driving without a valid California driver’s license. He contends that the trial court committed prejudicial error in denying him the right to serve his time in the city jail instead of the county jail. As a result, he contends he was deprived of his right to equal protection under the law. He further contends that the court’s imposition of *Supp. 10 a more severe sentence after trial than the sentence offered to him pursuant to a plea bargain was an improper attempt by the court to punish him for exercising his right to a trial. Lastly, he argues that the case was not heard in the proper venue. We find appellant’s contentions to be without merit, and aifirm.
I.
A misdemeanor complaint was filed on June 27, 1986, charging appellant with violations of Vehicle Code sections 23152, subdivision (a) (driving under the influence of alcohol), 14601.2, subdivision (a) (driving when his license was suspended or revoked), and 12500, subdivision (a) (driving without a valid California driver’s license). The complaint further alleged that appellant had suffered a prior conviction for driving under the influence of alcohol, and that he had refused to submit to a chemical test to determine his blood-alcohol level pursuant to Vehicle Code section 23157, subdivision (a).
Appellant was arraigned on December 10, 1987. He pleaded not guilty to all charges and denied the prior conviction.
A court trial was held on January 29, 1988. The court found appellant guilty of all charges, and further found the allegations of a prior conviction and of refusal to submit to a chemical test to be true.
On February 1, 1988, appellant was sentenced on all charges. For violation of Vehicle Code section 23152, subdivision (a), imposition of sentence was suspended, and appellant was placed on 36 months’ summary probation on the conditions, inter alia, that he: serve 26 days plus 4 days on the refusal in county jail, pay a fine of $390 plus the penalty assessment, not drive without a valid license, and obey all laws, rules, and orders of the court. With respect to appellant’s convictions for violating Vehicle Code sections 14601.2, subdivision (a), and 12500, subdivision (a), the court imposed 30 days in the county jail to run concurrently with the jail time imposed for violating Vehicle Code section 23152, subdivision (a).
On February 5, 1988, appellant filed a timely notice of appeal.
II.
Appellant contends that the trial court committed prejudicial error in denying him the right to serve his time in the city jail instead of the county jail, and that as a result he was deprived of his right to equal protection under the law. We disagree.
Penal Code section 4022, which appellant cites in support of his contention, provides in pertinent part: “Whenever by the terms of this code, or of any other law of the State, it is provided that a prisoner shall be confined in *Supp. 11 any county jail, such provision shall be construed to authorize any prisoner convicted in a municipal or justice court to be confined, with the consent of the city, in any city jail in the judicial district where the offense was committed,
Appellant has cited no authority to support his contention that upon a defendant’s request, the trial court must sentence the defendant to city jail instead of county jail. Penal Code section 4022 should be given effect according to the usual, ordinary import of the language used in it. (See Palos Verdes Faculty Assn. v. Palos Verdes Peninsula Unified School Dist. (1978) 21 Cal.3d 650, 658 [147 Cal.Rptr. 359, 580 P.2d 1155].) The word “authorize” has been defined as follows: “Authorize indicates endowing formally with a power or right to act, usu. with discretionary privileges . . . .” (Webster’s Third New Internat. Dict. (1981) p. 147.)
Moreover, trial courts are traditionally afforded wide discretion with regard to sentencing matters. (See, e.g., People v. Keogh (1975) 46 Cal.App.3d 919, 933-934 [120 Cal.Rptr. 817].) Such discretion is abused only where the court’s action exceeds the bounds of all reason, all circumstances being considered. (Id. at p. 934.)
We conclude that the language of Penal Code section 4022 is discretionary, not mandatory, with respect to the trial court’s duty to comply with a defendant’s request to serve time in the city jail. To hold otherwise would disrupt the administration of our city and county jails. Conceivably, all or nearly all defendants might request to serve their time in the city jail because the environment is more pleasant than that of the county jail. Moreover, only those defendants who could afford to would be allowed to serve their sentence in the city jail. This would lead to an inequitable result, since only the needs of wealthier defendants would be served by interpreting the language of Penal Code section 4022 as requiring the court to comply with a defendant’s request.
Appellant contends that the court’s refusal to follow the “requirement” of Penal Code section 4022 that he be allowed to serve time in the city jail constituted a denial of his equal protection rights under the California and United States Constitutions. We disagree. First, as discussed above, the court was not required to sentence appellant, upon his request, to city jail. Second, while appellant’s equal protection argument is not set forth clearly in his brief, he appears to be arguing that Penal Code section 4022 is discriminatory in its effect[1] because the comments by the trial court implied a classification based on wealth: i.e., that appellant should be sentenced to *Supp. 12 county jail to compensate for the fact that the poor are generally sent to county jail, while the wealthy are sent to city jail.
Thus, appellant appears to contend that in his case the court employed reverse discrimination in sentencing him to county jail when he (presumably) could afford to serve his sentence in the city jail. While we agree that certain comments by the trial judge raised a possible inference of a wealth-based classification,[2] the trial court first stated that, in the absence of special circumstances, it would not allow a defendant who must serve mandatory jail time to serve his sentence in the city jail. Thus, it appears that the severity of the sentence imposed, rather than the wealth of the defendant, was the determinative factor in the court’s decision to sentence appellant to county jail. Moreover, as appellant acknowledges, there was no evidence presented in court with respect to the extent of appellant’s wealth. We conclude that there is insufficient evidence in the record to find that the trial court’s decision was based on an invalid classification. We further find no abuse of discretion in the trial court’s refusal to grant appellant’s request to serve his time in the city jail.
III., IV.*
V.
The judgment is affirmed.
Roberson, J., and Hinz, J., concurred.

 A statute fair on its face may nevertheless be discriminatory in effect thus resulting in a denial of equal protection. (See Yick Wo v. Hopkins (1886) 118 U.S. 356, 373-374 [30 L.Ed. 220, 227-228, 6 S.Ct. 1064].)

 The comments referred to are as follows: “The Court: And there’s no doubt that these city jails are in fact at least two tiered, creating a two tiered jail system, one for the poor in county jail and the city jail, which is a relatively comfortable place. They are enticing and sending out brochures telling us to send our people there. I’m not joking when I say that they are more comfortable single rooms, and they even have television there. I don’t think that’s a fair thing to do.”

See footnote, ante, page Supp. 8.